OPINION
{¶ 1} Defendant-appellant, Westfield Companies (Westfield), appeals a decision of the Mahoning County Common Pleas Court granting summary judgment in favor of plaintiffs-appellees, Shirley A. Jacobs, individually and as administrator of the estate of Scott Chester, et al. The court held that appellees were entitled to uninsured motorist (UM) coverage under a policy issued by appellant.
 {¶ 2} On September 26, 1998, Scott Chester was operating his motorcycle southbound on Market Street in Youngstown, Ohio. Rethea A. Spann, who was driving her vehicle northbound, allegedly failed to yield while attempting to turn onto Woodland Avenue, causing the two to collide. Scott Chester later died from his injuries on October 5, 1998.
 {¶ 3} On March 31, 2000, and subsequently through an amended complaint filed on September 25, 2000, plaintiffs-appellees, Shirley A. Jacobs, individually and as administrator of the estate of Scott Chester, Stephen Chester, and Stuart Chester, brought suit against defendants, Rethea A. Spann and various insurance companies with whom they each had automobile policies. Appellees' claims included wrongful death, declaratory judgment, exemplary damages, and medical payments. One of the insurance companies included defendant-appellant, Westfield Companies. Westfield provided umbrella and business auto coverage to Scott Chester's employer, City Machine Technologies. Appellees sought uninsured motorist coverage under the Westfield policies pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660, 710 N.E.2d 1116.
 {¶ 4} Appellees and Westfield each filed motions for summary judgment. On May 10, 2003, the trial court granted appellees' motion and denied Westfield's, finding that appellees were entitled to UM coverage under the policies. This appeal followed.
 {¶ 5} On November 28, 2003, Westfield filed a supplemental brief based on the Ohio Supreme Court's ruling in Westfield Ins.Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849,797 N.E.2d 1256. Since neither party filed a request for oral argument, this matter comes for consideration upon the record in the trial court, the parties' briefs and supplemental authority filed.
 {¶ 6} Westfield's sole assignment of error states:
 {¶ 7} "The trial court committed reversible error when it granted summary judgment for plaintiff-appellee and denied same for defendant-appellant."
 {¶ 8} In Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, 797 N.E.2d 1256, the Ohio Supreme Court limitedScott-Pontzer holding at paragraph two of the syllabus:
 {¶ 9} "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment."
 {¶ 10} In this case, Scott Chester was driving his own vehicle and there is no evidence to indicate that he was acting within the course and scope of his employment at the time of the accident. Therefore, the trial court's judgment is hereby reversed. Judgment entered in favor of defendant-appellant, Westfield Companies.
Vukovich, J., concurs.
DeGenaro, J., concurs.